IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK MALAGODI, JANET JOHNSTON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CAMERON E. NICE, MARTHA J. NICE, AMERICAN SAVINGS BANK F.S.B., JOHN DOES 1 THROUGH 20, JANE DOES 1–20, DOE PARTNERSHIPS 1–20, DOE CORPORATIONS 1–20, DOE 1–10 ENTITIES,<br><br>　　　　Defendants. | CIV. NO. 25-00148 JMS-RT<br><br>ORDER GRANTING (1) PLAINTIFF'S MOTION TO REMAND ACTION TO THE FIFTH CIRCUIT, STATE OF HAWAII, ECF NO. 32; AND (2) DEFENDANT AMERICAN SAVINGS BANK, F.S.B.'S JOINDER, ECF NO. 34 |

**<u>ORDER GRANTING (1) PLAINTIFF'S MOTION TO REMAND ACTION TO THE FIFTH CIRCUIT, STATE OF HAWAII, ECF NO. 32; AND (2) DEFENDANT AMERICAN SAVINGS BANK, F.S.B.'S JOINDER, ECF NO. 34</u>**

**I. <u>INTRODUCTION</u>**

On April 7, 2025, Martha J. Nice and Cameron E. Nice ("Defendants"), proceeding pro se, removed this action from the Fifth Circuit Court of the State of Hawaii (No. 5CCV-22-0000027) ("State Court"). ECF No. 2. On May 5, 2025, Plaintiff Janet Johnston ("Plaintiff" or "Johnston"), also proceeding pro se, filed a timely Motion to Remand Action to State Court ("Motion to Remand"). ECF No. 32. Co-Defendant American Savings Bank

("ASB") has joined in the Motion to Remand. ECF No. 34. Based on the following, the Court GRANTS the Motion to Remand and the Joinder.

To summarize: If based on diversity of citizenship under 28 U.S.C. § 1332, the removal was wrongful for several independent reasons: (1) it violated the "forum defendant rule" under 28 U.S.C. § 1441(b)(2); (2) it was removed well past the 30-day period set forth in 28 U.S.C. § 1446(b)(1); and (3) it was removed well past the one-year period in 28 U.S.C. § 1446(c)(1). If based on an alleged federal question under 28 U.S.C. § 1331, the removal was wrongful for several other independent reasons: (1) there is no federal cause of action in the operative complaint; (2) it was removed well past the 30-day period set forth in 28 U.S.C. § 1446(b)(2)(B); (3) under the "well-pleaded complaint rule," removal cannot be based on a federal defense; and (4) all defendants who were properly joined and served have not consented to removal as required under 28 U.S.C. § 1446(b)(2)(A).

## II. DISCUSSION

After Defendants removed this action from State Court, this court issued an Order requiring Defendants to supplement the record so the court could assess whether it has federal subject-matter jurisdiction. *See* ECF No. 24. Defendants supplemented the record, ECF No. 30, and filed an Amended Notice of Removal on April 29, 2025, ECF No. 29. And on May 5, 2025, Plaintiff filed the

Motion to Remand, in which co-Defendant ASB filed a Joinder on May 14, 2025.[1] ECF No. 34. Defendants filed an Opposition on May 16, 2025. ECF No. 35. Under Local Rule 7.1(c), the court decides the Motion to Remand without a hearing.

      Defendants' Notice of Removal asserted diversity of citizenship as the basis for removal, *see* ECF No. 2 at PageID.1 ("We please need to immediately remove 5CCV-22-0000027 from the State Circuit Court to Federal Court under the Diversity of Citizenship Rule . . . ."). But their Amended Notice of Removal states that they are attempting to assert both diversity of citizenship and federal-question jurisdiction as bases for removal. *See* ECF No. 29 at PageID.337 ("Let the court be officially advised that we did also state in our original notice of removal and Docket #17 that we were removing the case due to a Federal Question as well . . . ."). Under either basis, however, removal was improper.[2]

---

[1] Co-Plaintiff Mark Malagodi did not specifically join or sign the Motion to Remand (nor did he oppose it), but it is enough that Johnston and ASB seek remand. *See Hunter v. Page Cnty., Iowa*, 653 F. Supp. 3d 600, 613 (S.D. Iowa 2023) ("After removal, *any party* may object by filing a motion to remand; even the party who removed the case.") (emphasis added) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)), *aff'd in part, vacated in part on other grounds*, 102 F.4th 853 (8th Cir. 2024).

[2] *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (reiterating the "presumption against removal jurisdiction, under which [federal courts] 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)).

As Plaintiff's Motion to Remand argues, if removal is based on diversity, it violates the "forum defendant rule" under 28 U.S.C. § 1441(b)(2). *See* ECF No. 32-1 at PageID.3751 (invoking rule). Section 1441(b)(2) provides "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."). Defendants admit they are residents of Kauai, *see* ECF No. 2 at PageID.1, and the underlying Complaint also alleges that they are "residents of the County of Kauai, State of Hawaii," ECF No. 29-2 at PageID.444. And Hawaii is where this court is located. Removal based on diversity was a clear violation of the forum defendant rule.

As also argued by Plaintiff, *see* ECF No. 32-1 at PageID.3748, if diversity is the basis of removal, the action was removed too late. *See* 28 U.S.C. § 1446(b)(1) (requiring removal within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading") and § 1446(c)(1) (requiring removal within one year after commencement for diversity cases, subject to an exception regarding acts that prevented removal). *See, e.g., Smith v.*

*Mylan Inc.*, 761 F.3d 1042, 1045–46 (9th Cir. 2014) (discussing the 30-day and one-year periods).  Here, the State Court Complaint was served on May 2, 2022, ECF No. 32-3 at PageID.3757, but was not removed until April 7, 2025—nearly three years later.  Clearly, under either or both statutory provisions, it was removed too late.[3]

        Although Defendants also attempt to base removal on a federal question under 28 U.S.C. § 1331, there is no federal question in the underlying State Court action.  The Complaint asserts state-law claims for breach of contract and specific performance.  *See* ECF No. 32-5 at PageID.3770.  It also seeks a declaratory ruling that the subject contract is valid and that the Defendants are in breach.  *Id.* at PageID.3770–3771.  Defendants contend that "[t]he plaintiffs just amended their complaint in their Writ of Ejectment," ECF No. 29 at PageID.338—implying that a recent amendment rendered the action removable—but the record does not support their argument.  The document they cite as the purported amendment is not an amended complaint, but rather a "Motion to Authorize Escrow to Deduct and Pay Out from the Net Proceeds of the Sale of the Subject Property."  *See id.* (citing "Docket#718" of 5CCV-11-000027); ECF No. 29-1 at PageID.368 (attaching Docket No. 718 of the underlying action—which is a

---

[3] There is no basis for finding that "plaintiff has acted in bad faith in order to prevent a defendant from removing the action," 28 U.S.C. § 1446(c)(1), which could excuse the one-year period.

motion, not an amended complaint).  This also means the action was removed too late under 28 U.S.C. § 1446(b)(2)(B) (providing, where removal is based on a federal question, that "[e]ach defendant shall have 30 days . . . to file the notice of removal").

Although Defendants argue that their Constitutional rights and other federal laws are being violated in the State Court action, such federal defenses—even assuming they are viable—do not render the action removable.  Under the "well-pleaded complaint" rule, a defense asserting a violation of federal law does not create removability under § 1331.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  "Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

Moreover, as also argued by Plaintiff, even if there were a federal question in the underlying action, the action was improperly removed because all Defendants have not affirmatively consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [regarding federal question], all defendants who have been properly joined and served must join in or consent to the removal of the action."). The record establishes that ASB is also a Defendant in the State Court action. *See, e.g.*, ECF No. 32-4 at PageID.3760. Defendants acknowledge that ASB has not consented to removal of this action. *See* ECF No. 29 at PageID.354 ("[W]e are pretty sure that our Co-Defendant American Savings Bank won't agree to this removal and will assist the plaintiff in attempting to remand it back to State court . . . ."). Indeed, ASB has joined in the Motion to Remand, affirmatively seeking to remand the action to State Court. *See* ECF No. 34 at PageID.3816 ("ASB is in agreement with Plaintiff['s] request to remand this action back to [State Court].").

### III.  CONCLUSION

Accordingly, for multiple reasons, the action was wrongfully removed by Defendants, whether removal was based on diversity of citizenship or federal-question jurisdiction. The court GRANTS Plaintiff's Motion to Remand Action to the Fifth Circuit, State of Hawaii, ECF No. 32, and Defendant ASB's Joinder, ECF

No. 34.  The Clerk of Court shall forthwith remand this action to the Fifth Circuit Court of the State of Hawaii, and then close the case file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, May 19, 2025.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge